IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA F. HERNANDEZ,

      Plaintiff,

vs.                                                                                                                                   Civ. No. 05-510 JP/RHS

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing ("Motion"), filed October 10, 2005 **[Doc. 13]**. Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying the Plaintiff's claim for a period of disability and for disability insurance benefits ("DIB") under Title II of the Social Security Act.

    2. Plaintiff applied for benefits on March 31, 2003, alleging a disability that commenced on December 1, 2002 due to problems with her feet that limit her ability to "stand on my feet to[o] long." (Tr.[1] at 72.) In addition, Plaintiff claims that problems with her hands, hepatitis and asthma interfere with her ability to work. (Tr. at 383.) Plaintiff was born on July 29, 1960 and has a GED. (Tr. at 58, 78.) She has worked in the past as a banquet worker, bartender, customer service worker, cashier and cook's helper. (Tr. at 109.)

    3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the

---

[1] "Tr." refers to the Administrative Transcript.

Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

4. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson, 987 F.2d at 1486 (citing 42 U.S.C. §423 (d)(1)(A)); see also § 1382c(a)(3)(A). Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

5. At the first four levels of the evaluation, the claimant must show: (1) that she is not working; (2) that she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that she is unable to perform work done in the past. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988). At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity [RFC], age, education and prior work experience. See 20 C.F.R. §§ 404.1520, 416.920.

6. In this case, the ALJ found that Plaintiff was not disabled at step five of the sequential analysis, concluding that "there are a significant number of jobs in the national economy that she could perform." (Tr. at 19.) Plaintiff raises the following allegations of error with respect to the ALJ's decision: (1) the ALJ erred when he found that Plaintiff's carpal tunnel syndrome is not a

2

severe impairment at step two of the sequential evaluation; and (2) the ALJ did not include Plaintiff's nonexertional impairments in his RFC finding. (See Plaintiff's Memorandum in Support of Motion ("Memo") at 3, 6 **[Doc. 14]**.)

*Whether the ALJ erred at step two*

7. At step two, a claimant must show that she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities.[2] See 20 C.F.R. §§ 404.1520(c); 416.920. An impairment "that is not severe must be a slight abnormality . . . that has no more than a minimal effect on the ability to do basic work activities." Social Security Ruling ("SSR") 96-3P (citation and internal quotation marks omitted). If the ALJ "is unable to determine clearly the effect of an impairment on the individual's ability to do basic work activities, . . . [he] must continue to follow the sequential evaluation process" until a disability determination can be reached. SSR 96-3P.

8. The Commissioner correctly notes that a claimant "must show more than the mere presence of a condition or ailment" to establish a severe impairment at step two. (Defendant's Response to Plaintiff's Motion at 4 **[Doc. 15]** (citing Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997).) However, a claimant may meet the requirement at step two by making only a "de minimus" showing of impairment. See Hinkle, 132 F.3d at 1352; see, e.g., Piatt v. Barnhart, 225 F.Supp.2d 1278, 1284 (D.Kan. 2002) (finding that plaintiff "has made at least a de minimus showing" through her testimony and through medical records from a treating physician who "found some symptomatology of carpal tunnel, and prescribed a cock-up splint for her to wear at

---

[2]Basic work activities include . . . pushing, pulling, reaching carrying, [and] handling. 20 C.F.R. §§ 404.1520(c), 404.1521(b).

night").

    9.  At step two of the sequential evaluation, the ALJ in this case found that Plaintiff's hand problems did not constitute a severe impairment.  (Tr. at 15.)[3]  In reaching this finding, the ALJ reasoned as follows:

> On January 22, 2004,[4] [Plaintiff] had her first documented complaints of numbness in her hands.[5]  On physical examination, [Plaintiff's] wrist and hands had full range of motion with 5/5 strength, and equal grasp bilaterally.  [Plaintiff] had positive Phalen['s] [maneuver][6] and Tinel's [sign][7] bilaterally with increased symptoms on the right compared to the left.  [Plaintiff] was diagnosed with probable carpal tunnel syndrome, and wrist splints were recommended.  It was noted that if [Plaintiff's] symptoms worsened, then she would be referred to orthopaedics (Exhibit 8F/11-12). [Tr. at 343-44.]  It appears that she has not been seen by an orthopedist for her hands. . . . .  As such, I find the claimant's . . . problems with her hands to be [a] non-severe impairment[].

(Tr. at 15.)  Plaintiff contends that the ALJ's reasoning was flawed and that he ignored evidence

---

    [3]The ALJ found that Plaintiff's bilateral plantar fasciitis with heel spurs and hepatitis "are severe within the meaning of the Regulations."  (Tr. at 14.)

    [4]The ALJ erroneously referred to the "verification" date of January 22, 2004 as the date of Plaintiff's examination, instead of the "result" date of December 19, 2003.  (See Tr. at 343.)

    [5]The Court notes that a Reconsideration Disability Report, apparently dated either September 12, 2003 (tr. at 102) or October 27, 2003 (tr. at 104), indicated that claimant "sometimes" has trouble using her hands due to "arthritis."  (Tr. at 103 (Part VI at 13, 14).)

    [6]Phalen's maneuver, used to detect carpal tunnel syndrome, reduces the size of the carpal tunnel "by holding the affected hand with the wrist fully flexed or extended for 30 to 60 seconds, or by placing a sphygmomanometer cuff on the involved arm and inflating to a point between a diastolic and systolic pressure for 30 to 60 seconds."  DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 774 (26th ed. 1981).

    [7]Tinel's sign is "a tingling sensation in the distal end of a limb when percussion is made over the site of a divided nerve . . . . indicat[ing] a partial lesion or the beginning regeneration of the nerve."  DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1206 (26th ed. 1981).

showing that Plaintiff's hand impairment affects functioning.  The Court agrees and finds that this matter should be remanded for a re-consideration of Plaintiff's impairments at step two.

10.  In finding that Plaintiff's carpal tunnel syndrome was not severe at step two, the ALJ cited only one piece of evidence, a report of Plaintiff's visit to James G. Stapleton, CFNP [Certified Family Nurse Practitioner] on December 19, 2003.  At this step, the ALJ did not discuss or evaluate any other evidence that was available regarding the severity of Plaintiff's hand problems, which included:  (1) a report of Mr. Stapleton's examination of Plaintiff on June 25, 2004[8] (see tr. at 334-35), and (2) a letter from Mr. Stapleton dated July 2, 2004[9] (see tr. at 322).[10]

11.  The Court finds that the ALJ legally erred when he found that Plaintiff's hand impairment was not severe without performing the "careful evaluation of the medical findings that describe the [Plaintiff's] impairment (i.e., the objective medical evidence and any impairment-related symptoms)" that is required to make such a finding at step two.  SSR 96-3P.  Moreover, given the evidence that the ALJ failed to consider before reaching his non-severity finding, such a

---

[8]In this report, Mr. Stapleton stated, *inter alia*, that Plaintiff complained of "worsening numbness in both hands," indicated that in December "we were trying some low dose steroids," and noted that Plaintiff "was unable to purchase any wrist splints." (Tr. at 334.)  Mr. Stapleton reported a positive Phalen's and Tinel's bilaterally, hand grasp of 4.5/5 bilaterally, and assessed Plaintiff with "[c]arpal tunnel syndrome, worsening symptoms." (Tr. at 335.)  Mr. Stapleton planned to "order some splints for her and . . . if no improvement at that time we will refer to Orthopaedics." (Tr. at 335.)  He also planned to "change her Motrin to Vioxx and see if she has any improvement with that . . . ." (Tr. at 335.)

[9]In this letter, directed "To Whom It May Concern," Mr. Stapleton stated that Plaintiff has bilateral carpal tunnel syndrome that has "responded poorly to conservative treatment and interfere[s] with her ability to . . . use her hands for extended periods." (Tr. at 322.)

[10]Later in the evaluation process, the ALJ referred to Mr. Stapleton's letter of July 2, 2004. (Tr. at 16.)  However, nowhere in his decision did the ALJ mention, or otherwise indicate that he had considered, Mr. Stapleton's report of June 25, 2004.

step two finding is not based on substantial evidence.

12. Finally, the ALJ did not explain the rationale underlying his non-severity finding with respect to Plaintiff's hand impairment. The ALJ apparently determined that Plaintiff's impairment was not severe because she had not been seen by an orthopedist. However, the ALJ neither explained, nor is it apparent, how this information led to his finding that Plaintiff's hand impairment was not severe at step two. As such, the ALJ's bare conclusion is not subject to meaningful review. See Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir.1996).

13. The ALJ ultimately found that Plaintiff was not disabled because she "has the residual functional capacity to perform a significant range of sedentary work[,] . . . . [that] there are a significant number of jobs in the national economy that she could perform[,] . . . . [and that] she can perform 90 percent of all unskilled sedentary work." (Tr. at 19, ¶¶ 11, 12.) The ALJ did not find that Plaintiff had any manipulative limitations whatsoever.

14. Because the Court finds that this matter should be remanded for further proceedings at step two, it need not address Plaintiff's remaining allegation of error with respect to the ALJ's RFC finding. However, the Court notes that manipulative limitations are of particular importance where a claimant's RFC is limited to sedentary work.[11] Thus, any significant manipulative limitation of Plaintiff's hands and/or fingers would result in a significant erosion of the sedentary occupational base.

15. Finally, in remanding this case, the Court does not intend to direct any particular result with respect to the Commissioner's ultimate determination on the issue of whether Plaintiff is

---

[11]"Most sedentary jobs require good use of the hands and fingers." SSR 83-14; see also SSR 96-9P ("Most unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity.").

disabled. On remand, the Commissioner should conduct any additional proceedings as needed, following the re-consideration of Plaintiff's impairments at step two.

## Recommended Disposition

I recommend that Plaintiff's Motion to Reverse and Remand for a Rehearing **[Doc. 13]** be granted and that this cause be remanded for re-consideration of Plaintiff's impairments at step two of the sequential evaluation process and further proceedings as necessary. Timely objections to the foregoing proposed findings and recommended disposition may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE